**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEIJIE JIANG,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 08-72767<br><br>Agency No. A096-071-283<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 6, 2010
Seattle, Washington

Before: CANBY, NOONAN and BERZON, Circuit Judges.

Weijie Jiang, a citizen of China, petitions for review of an order of the Board

of Immigration Appeals ("BIA") dismissing his appeal from an immigration

judge's ("IJ") denial of his application for asylum, withholding of removal, and

relief under the Convention Against Torture. We have jurisdiction pursuant to 8

U.S.C. § 1292, and we grant the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The IJ and the BIA denied Jiang's claims for relief from removal on the ground that he lacked credibility. We conclude that the IJ's and the BIA's adverse credibility findings were not supported by substantial evidence. *See Singh v. Ashcroft*, 362 F.3d 1164, 1168 (9th Cir. 2004) (requiring this court to review adverse credibility determinations for substantial evidence).

In dismissing Jiang's appeal, the BIA relied on the IJ's finding that Jiang was unresponsive in answering questions about whether the Chinese police were still looking for him. Having independently reviewed the record, we conclude that no reasonable factfinder could find that Jiang was unresponsive during this part of his testimony. *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). Jiang ultimately provided answers to those questions, and any lack of clarity in his answers was attributable to translation difficulties. *See Jibril v. Gonzales*, 423 F.3d 1129, 1134-35 (9th Cir. 2005).[1]

---

[1]In concluding that Jiang lacked credibility, the IJ cited one other instance of unresponsive testimony. However, because the BIA singled out one instance of unresponsive testimony, but gave no indication that it considered the second instance significant, we will not consider the second instance of supposedly unresponsive testimony in determining whether the adverse credibility finding was supported by substantial evidence. *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) ("[W]e review . . . the reasons explicitly identified by the BIA, [not] those parts of the IJ's adverse credibility finding that the BIA did not identify as 'most significant' and did not otherwise mention.").

The IJ and the BIA also relied on a report prepared by the Department of Homeland Security ("DHS") Forensic Document Laboratory ("FDL"), which expressed doubts about the authenticity of two corroborating documents that Jiang had submitted into the record. Even where an FDL Report *conclusively* determines that a document is fraudulent, however, that determination alone cannot support an adverse credibility finding where there is no finding that the petitioner knew or should have known that the document was fraudulent. *See Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 911-12 (9th Cir. 2004). Here, the FDL itself was unable to determine whether the documents at issue were fraudulent, and neither the IJ nor the DHS attempted to determine whether Jiang knew or had reason to know that the documents possibly lacked authenticity. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009) (holding that an IJ may not make an adverse credibility finding on the basis of inconsistencies between the petitioner's testimony and documentary evidence, where the IJ "did not ask [the petitioner] about these discrepancies or give him an opportunity to reconcile them"). As in *Yeimane-Berhe*, the record here does not otherwise indicate that Jiang lacked credibility. Jiang's testimony was responsive, "specific[,] and detailed," and "was not only internally consistent, but comported with [his] asylum application." *Yeimane-Berhe*, 393 F.3d at 912 (internal quotation marks omitted).

3

We therefore grant Jiang's petition for review and remand his case for a new credibility determination that takes into account whether the documents at issue lacked authenticity and, if so, whether Jiang knew or should have known that the documents were not authentic.  *See Soto-Olarte*, 555 F.3d at 1095-96.

**PETITION FOR REVIEW GRANTED; VACATED AND REMANDED.**